# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Gary Allen Washington and<br>Michele Anne Washington,<br><br>Debtors. | C/A No. 11-00625-dd<br><br>Chapter 11<br><br>**ORDER ON APPLICATION FOR COMPENSATION** |

This matter is before the Court for a review of attorney's fees requested by Reid B. Smith, counsel for Gary Allen Washington and Michele Anne Washington ("Debtors"). Mr. Smith filed his second Application for Compensation ("Application") in Debtors' chapter 11 case on November 3, 2011. Debtors objected to the Application on November 23, 2011. A hearing was held on December 13, 2011. The Court entered an Order on December 14, 2011 authorizing Mr. Smith to use the rest of the retainer paid by Debtors to him at the inception of the case toward his fees and expenses. A further hearing was held on the Application on December 22, 2011. At that hearing, the Court instructed Mr. Smith to file a supplement to his fee application which itemized his fees and expenses and included any fees he anticipates he will incur for the remainder of the case. Mr. Smith filed the supplement on December 22, 2011.

Debtors filed a previous chapter 11 case, 09-08248-dd, on November 2, 2009. Debtors had different counsel in that case, and after the case was dismissed on September 24, 2010, Debtors filed a pro se appeal in the District Court. While the appeal was pending, Debtors filed the current chapter 11 case on February 3, 2011. The United States Trustee filed a Motion to Dismiss Debtors' chapter 11 case on August 5, 2011, and Debtors objected to the Motion on September 13, 2011. The parties settled the matter, and the terms of their settlement were set forth in an Order entered September 28, 2011. The settlement allowed Debtors the opportunity

to move forward with their chapter 11 case and propose a chapter 11 plan, but required Debtors to dismiss their pending appeal. Debtors did so, and the case proceeded to confirmation. Debtors' plan was confirmed on December 27, 2011.

Mr. Smith's first fee application was filed on March 10, 2011 and requested $9,345.00 in fees and $358.45 in expenses. That application was approved by an Order entered April 12, 2011. Mr. Smith's second fee application, filed November 3, 2011, requested $16,130 in fees and $586.34 in expenses. Debtors objected to this fee application due to a dispute regarding the parties' fee agreement. Mr. Smith's disclosure of attorney compensation, initially filed February 17, 2011 and amended March 9, 2011, states that Mr. Smith agreed to accept $13,124.25 for representation of Debtors in their chapter 11 case. Mr. Smith also received $1,875.75 for pre-filing services and expenses for a total retainer of $15,000. The disclosure of attorney compensation states that representation in dischargeability actions, judicial lien avoidances, relief from stay actions, or adversary proceedings are not included in the fee. In the midst of the dispute regarding Mr. Smith's fees, Mr. Smith filed an amended disclosure of attorney compensation on December 13, 2011. That disclosure listed the same amount of compensation, but stated, "The amount that attorney has agreed to accept is based on the retainer to file the case. This amount may change, based on fee applications that may be approved by the Court." Amended Attorney Fee Disclosure Statement, docket #117.

Although the disclosures of compensation filed by Mr. Smith indicate that the fee being charged for the case was a set fee, Mr. Washington admitted to the Court that he was aware that Mr. Smith was not charging him a set fee. Mr. Washington stated that he was aware that the fee was hourly, but believed that the fees would not exceed $25,000. The parties did enter into a fee

agreement that provides for services and compensation on an hourly basis. Although the agreement is not a model of clarity, it does not cap the fees to be charged.

For his representation of Debtors in their chapter 11 case, Mr. Smith is requesting a total amount of $29,905 in fees and $1,094.71 in expenses. These amounts include the amounts requested in Mr. Smith's first Application for Compensation, which have been approved on an interim basis. This Order deals with all fees and costs through confirmation and is a final order. Debtors' chapter 11 case presented complex and contested issues, requiring more time than many individual chapter 11 cases. Mr. Smith's hourly fee is $350.00 for himself, $250.00 for his law partner, and $100 for his paralegal. The Court finds these rates reasonable, and finds that the amount of time Mr. Smith states he spent on Debtors' case is reasonable. However, attorneys have a duty to fully and accurately disclose their fees to the Court. *See* 11 U.S.C. § 329; AmJur Bankruptcy § 232. *See also In re Waldo*, 417 B.R. 854, 893 (Bankr. E.D. Tenn. 2009) (stressing the importance of full and accurate disclosure of compensation paid to a debtor's attorney). Here, Mr. Smith's disclosure that he was receiving a set fee contrasted with the party's agreement for fees based on services performed at the rate of $350 an hour, resulted in confusion and discord between the parties, and required the Court to expend significant time and resources on resolving the dispute and determining the proper amount of fees which Mr. Smith should properly receive. For these reasons, though they are otherwise reasonable, a reduction in Mr. Smith's fees and expenses is proper.

The Court finds that the total amount of fees Mr. Smith is requesting, excluding those already approved and paid, should be reduced by fifteen percent. This results in a total of $26,821.00 in fees. Fees of $9,345 were approved in Mr. Smith's first Application, and

additional fees of $17,476 are now approved.[1]  Mr. Smith is entitled to receive the full amount of his costs, in the amount of $1,094.71.  Thus, Mr. Smith is awarded fees and costs in the amount of $27,915.71 for this case.

      AND IT IS SO ORDERED.

**FILED BY THE COURT**
**01/30/2012**



Entered: 01/30/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina

---

[1] Mr. Smith is requesting compensation of $20,560 in addition to the $9,345 already received.  The fifteen percent reduction is applied only to the $20,560 request, for an award of $17,476.